829 F.2d 36
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billy R. REECE, Petitioner,
v.
The NEW RIVER COMPANY, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party in Interest.
 No. 86-3118
 United States Court of Appeals, Fourth Circuit.
 Submitted August 4, 1987.
Decided: September 8, 1987.
 
 Belinda S. Morton, on brief, for petitioner.
 Before DONALD RUSSELL, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Billy Reece, a 60 year old ex-coal miner, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of benefits under the Federal Coal Mine Health & Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. (Black Lung Act).
 
 
 2
 Reece was employed by the New River Coal Company from 1948 until 1974. During his employment at New River he worked underground performing different jobs. His last job with New River was as beltman, which required him to walk approximately three miles a day. In 1974 Reece left New River after an occupational leg injury for which he is now receiving full disability under the state's workmen's compensation program. Reece contends that he is unable to move freely about because of the leg injury and breathing problems. Reece filed a claim for benefits under the Black Lung Act. The parties stipulated that the interim presumption was invoked under 20 C.F.R. Sec. 727.203(a)(1); thus, the hearing before the ALJ focused on whether the defendants had presented substantial evidence to rebut that presumption.
 
 
 3
 At the hearing before the ALJ medical evidence was introduced including x-rays, pulmonary function tests, blood gas studies, and the medical opinions of Dr. D. L. Rausmussen and Dr. A. R. Piracha. Dr. Piracha testified that he felt that Reece was not suffering from pulmonary disability and that from the pulmonary standpoint Reece was still able to perform most of the jobs in the mines, including the job as beltman, which Reece had held before leaving the mines. The ALJ concluded that the presumption had been rebutted under Secs. 727.203(b)(2) and (b)(3). The Board determined that the ALJ had correctly found rebuttal under Sec. (b)(2) and declined to address rebuttal under Sec. (b)(3).
 
 
 4
 Rebuttal under Sec. 727.203(b)(2) is proper if '[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work.' The record in this case does not establish that Reece was able to do his usual or comparable work. To the contrary, it establishes that he is presently on full disability. Thus, we find that the presumption has not been rebutted under Sec. 727.203(b)(2). See Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890 (4th Cir. 1987) (petition for reh'g denied June 22, 1987).
 
 
 5
 Since the Board affirmed only the ALJ's finding of rebuttal under Sec. 727.203(b)(2), we express no opinion whether rebuttal under Sec. 727.203(b)(3) was proper. Instead, we reverse the denial of benefits and remand this case to the Board. On remand it should be determined if Sec. 727.203(b)(3) rebuttal is proper based on whether the employer has ruled out any causal connection between the miner's disability and respiratory or pulmonary disease arising out of his coal mine employment.
 
 
 6
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 REVERSED AND REMANDED.